UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal Action No. 02-157-3 (RWR) |
| AUDREY WAITE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Audrey Waite was sentenced in 2004 following her guilty plea under a plea agreement in which she agreed to sentencing guidelines enhancements based upon the amount of loss involved and her abuse of a position of trust, and agreed that an unspecified amount of restitution might be ordered. She now moves for appointment of counsel to assist her in filing a motion under 28 U.S.C. § 2255 to challenge under United States v. Booker, 125 S. Ct. 738 (2005), her sentencing enhancements and the amount of restitution ordered. Because the interests of justice do not require appointment of counsel under the circumstances presented here, defendant's motion will be denied.

### BACKGROUND

Defendant was indicted for conspiracy, interstate transportation of money and securities obtained by fraud, wire fraud, and money laundering in connection with a mortgage fraud scheme. She entered a guilty plea in 2003 to conspiracy and

- 2 -

money laundering pursuant to a written plea agreement in which she agreed that a fourteen-level enhancement under U.S.S.G. § 2B1.1 for losses between $400,000 and $1 million, as well as a two-level enhancement for abuse of a position of trust under § 3B1.3, applied in calculating her total offense level. (Plea Agreement ¶ 3.) The plea agreement stated that defendant "also may be required to comply with an order of restitution[.]" (Id. ¶ 2.) At sentencing on August 9, 2004, the government's motion under U.S.S.G. § 5K1.1 to depart downward from the defendant's applicable sentencing guidelines range due to her cooperation was granted, and she was sentenced to five months' incarceration and five months' home detention, and was ordered to pay restitution in the amount of $890,381.00. Defendant now asks that the court appoint counsel to assist her in filing a motion under 28 U.S.C. § 2255 to obtain relief from the order of restitution and from the sentencing enhancements applied under §§ 2B1.1 and 3B1.3 in light of Booker, notwithstanding her explicit declaration that she stands by the plea agreement.

### DISCUSSION

There is no constitutional right to appointment of counsel in habeas corpus proceedings. Brown v. Cameron, 353 F.2d 835, 836 n.1 (D.C. Cir. 1965). However, the court may appoint counsel to a § 2255 petitioner if the interests of justice so require.

- 3 -

18 U.S.C. § 3006A(a)(2); 28 U.S.C. § 2255 ¶ 7; In re Kirkland, 2001 WL 476183, at *1 (D.C. Cir. Apr. 13, 2001) (denying appointment of counsel in a § 2255 case because the "interests of justice [did] not warrant appointment of counsel"). While the D.C. Circuit has not interpreted this standard, other circuits have provided guidance. See, e.g., Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."); Engberg v. Wyoming, 265 F.3d 1109, 1121-22 (10th Cir. 2001) (affirming district court's denial of defendant's request for appointed counsel based on defendant's previous lack of success on identical claims, the relative simplicity of the issues, and the fact that the proceeding was for habeas relief and the case no longer involved application of the death penalty); United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (holding that because § 2255 petitioner had presented a colorable claim that was factually complex and legally intricate, and was severely hampered in his ability to investigate the undeveloped facts, the interests of justice supported the appointment of counsel).

- 4 -

Defendant's pro se motion for appointment of counsel does not present any factually complex issues or allege that any further fact investigation is necessary. Defendant, a college graduate, is also able to articulate lucidly the legal basis for filing her § 2255 motion. (See generally Mot. to Appoint Counsel (citing to legal authority and setting forth arguments in support of proposed habeas motion).) Furthermore, defendant's likelihood of success on the merits does not support appointment of counsel here. See Wyche v. United States, 317 F. Supp. 2d 1, 5-6 (D.D.C. 2004) (denying appointment of counsel based on unlikelihood of success on the merits of petitioner's § 2255 claim). In her plea agreement, defendant agreed to a calculation of her total offense level under the federal sentencing guidelines which included the two enhancements she now seeks to collaterally attack. (See Plea Agreement ¶ 3.) In the signed Statement of Offense which accompanied defendant's plea agreement, defendant "sw[ore] under penalty of perjury" that, "[a]s a result of [her] role in the real estate flipping scheme described in the indictment, the Department of Housing and Urban Development . . . incurred losses of $890,381.00." (Statement of Offense ¶¶ 6-7, at Docket Entry #107.) Accordingly, the facts supporting defendant's sentence were implicitly and explicitly established by defendant's guilty plea and admitted by the defendant. See Booker, 125 S. Ct. at

756 (reaffirming holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) that any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt).[1]  Therefore, taking into account the relative simplicity of the issues, the ability of the petitioner to articulate her claims pro se, and the likelihood of success on the merits, the interests of justice do not require appointment of counsel under the circumstances.  <u>See</u> 18 U.S.C. § 3006A(a)(2).

---

[1] In any event, defendant's likelihood of success on the merits is further undercut by the fact that the circuit courts which have considered the issue have all concluded that <u>Booker</u> does not apply retroactively on collateral review.  <u>See</u> <u>Guzman v. United States</u>, 404 F.3d 139, 141 (2d Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608, 614 (3d Cir. 2005); <u>Padilla v. United States</u>, --- F.3d ----, 2005 WL 1595291, at *3 (5th Cir. July 8, 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>Lenford Never Misses A Shot v. United States</u>, --- F.3d ----, 2005 WL 1569403, at *2 (8th Cir. July 7, 2005) (collecting cases); <u>United States v. Bellamy</u>, --- F.3d ----, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005); <u>In re Anderson</u>, 396 F.3d 1336, 1338-40 (11th Cir. 2005); <u>In re Hinton</u>, 125 Fed. Appx. 317, 317 (D.C. Cir. Mar. 10, 2005 ) (unpublished order denying motion for leave to file successive § 2255 motion because the Supreme Court has not made either <u>Blakely</u> or <u>Booker</u> retroactive to cases on collateral review).

- 6 -

## CONCLUSION AND ORDER

Because the interests of justice do not warrant appointment of counsel to assist petitioner in filing a § 2255 motion, it is hereby

ORDERED that defendant's Motion to Appoint Counsel be, and hereby is, DENIED. Defendant is directed to file any § 2255 motion via a standard form, which she may obtain upon request from the Clerk of the Court without cost, pursuant to Local Civil Rule 9.2.

SIGNED this 14th day of July, 2005.

/s/
RICHARD W. ROBERTS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

        V.       : CRIMINAL NUMBER 02-475-01 (RWR)

RAMENDRA BASU       :

---

ORDER

AND NOW, this __18th__ day of __July__, 2005, it is hereby *nunc pro tunc* ORDERED that the Pretrial Services is authorized to temporarily return the passport, surrendered as a condition of release, to Ramendra Basu, to be picked-up on July 15, 2005, and returned upon his return.

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT COURT JUDGE

cc: David Bybee
~~Thomas McCann~~, Esquire
Assistant United States Attorney
U.S. Department of Justice, ~~Fraud Section~~ Criminal Division
~~10th and Constitution Ave., N.W.~~ 1400 New York Avenue, N.W.
Washington, D.C. ~~20530~~  205.35-1001

W. Gregory Spencer, Esquire
Chief Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

David Fish
D.C. Pretrial Services